UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CR-185-G |
| BARBARA ANTONIE FISK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant Barbara Antonie Fisk ("Fisk") to recuse the undersigned on the basis of 28 U.S.C. § 455.  For the reasons set forth below, Fisk's motion is denied.

I.  BACKGROUND

On October 4, 2005, a superseding indictment was returned charging Fisk with three counts of mail fraud relating to an insurance fraud scheme.  Docket Sheet Entry #35.  She pled guilty on November 8, 2005, and the court scheduled her sentencing for May 9, 2005.  *See* February 28, 2006, Amended Scheduling Order for Sentencing (setting sentencing for March 21, 2006); April 17, 2006, Order (resetting sentencing for May 9, 2006).  In the interim, however, Fisk contacted her insurance agent to file

a flood damage claim on a house she occupied.  Government's Response to Defendant's Motion for Recusal of Judge ("Response") at 1.  On March 22, 2006, Fisk, through her civil attorney Frank P. Hernandez ("Hernandez"), proceeded with her insurance claim, representing herself as the owner of the property.  *Id*.  Before initiating this claim, however, both Fisk and Hernandez were in possession of a letter from the attorney for U.S. Bank, N.A., stating that the bank was the present owner of the property for which Fisk was claiming insurance funds.  *Id*. at 2.  Based on this conduct, the government moved on April 13, 2006, to revoke Fisk's pretrial release.  *Id*.  The following day, Fisk's release was revoked after a hearing before United States Magistrate Judge Paul D. Stickney.  *Id*.

On April 27, 2006, Fisk filed the instant motion, asking the undersigned to recuse himself from presiding over her sentencing.  Docket Sheet; Defendant's Motion for Recusal of Judge and Memorandum in Support ("Motion for Recusal").  The government has responded and the court is now ready to rule.

II.  ANALYSIS

A.  Legal Standard

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).* Therefore, whenever a judge's partiality might reasonably be

---

\*     Two statutes address disqualification of a judge: 28 U.S.C. § 144 and 28 U.S.C. § 455.  Fisk seeks recusal only under § 455.  Motion for Recusal at 1.

questioned, recusal is required.  *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (citing *Liljeberg v. Health Services Acquisition Corporation*, 486 U.S. 847, 860 n.8 (1988)), *cert. denied*, 541 U.S. 935 (2004).  The necessity for recusal is evaluated using a careful consideration of both the context of the judicial proceedings, *Sao Paulo State of the Federative Republic of Brazil v. American Tobacco Co.*, 535 U.S. 229, 232-33 (2002), and an objective standard -- that of a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade*, 338 F.3d at 455 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).  Additionally, the Supreme Court has held that the "extrajudicial source" doctrine is "a factor to consider in analyzing whether recusal is necessary [under § 455(a)]; however it is not determinative."  *United States v. Mizell*, 88 F.3d 288, 299 (5th Cir.) (citing *Liteky v. United States*, 510 U.S. 540, 554 (1994)), *cert. denied*, 519 U.S. 1046 (1996).  This doctrine teaches that -- in contrast to events taking place outside the context of litigation -- events occurring or opinions expressed in the course of judicial proceedings rarely require recusal.  *Liteky*, 510 U.S. at 544-45.  The Supreme Court went on to explain that opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they would display a deep-seated favoritism or antagonism that would make fair judgment

impossible. *Id*. at 555. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" are not sufficient to establish bias or impartiality. *Id*. at 555-56.

### B.  Fisk's Argument

Fisk contends that the undersigned should be recused from imposing sentence on Fisk because Hernandez will be a witness at her sentencing hearing and this calls the court's impartiality into question. Motion to Recuse at 1. Because of the government's accusations of Hernandez's improper conduct involving Fisk's flood insurance claim and the long-standing friendship between Hernandez and Fisk, Fisk argues that Hernandez's testimony is necessary to her sentencing hearing. *Id*. at 2.

The alleged conflict arises because Hernandez has been suspended from practicing before the undersigned since 1997. Motion to Recuse at 2; see also *Caves v. Lockridge*, No. 3:97-CV-0118-G, October 7, 1997, order (dismissing case without prejudice and suspending Hernandez from practicing before the undersigned pursuant to Local Civil Rule 83.8(b)(2), (4)). Fisk therefore contends that the undersigned's "prior negative knowledge and association with Mr. Hernandez would raise a question under 28 U.S.C. § 455(a)" because -- in deciding Fisk's sentence -- the court would be required to make a credibility determination of Hernandez. Motion to Recuse at 2.

The court disagrees. The undersigned's previous relationship with Hernandez arose entirely from judicial proceedings, although in cases unrelated to Fisk's. See

generally *Caves v. Lockridge*, No. 3:97-CV-0118-G.  The court's suspension of Hernandez "occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 556 (emphasis in original).  Numerous courts have held that familiarity with defendants and the facts of a case arising from earlier participation in judicial proceedings is insufficient to disqualify a judge under § 455.  *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 965 & n.17 (5th Cir.) (listing cases), *cert. denied*, 449 U.S. 888 (1980).  Here, the undersigned has previous experience with one of Fisk's witnesses, not Fisk herself.  The connection to the defendant is so attenuated that the "average person on the street," *Potashnick v. Port City Construction Company*, 609 F.2d 1101, 1111 (5th Cir.), *cert. denied*, 449 U.S. 820 (1980), would not conclude that Hernandez's participation would cause the undersigned to be less than impartial.  See *United States v. Salemme*, 164 F. Supp. 2d 86, 104-05 (D. Mass. 1998) (finding that judge's familiarity with witnesses does not require recusal under § 455(a) because the "public understands that judges . . . will inevitably encounter witnesses with whom they . . . have had positive or negative experiences, [but] judges can and will ordinarily ignore those experiences and decide the matters before them impartially"); but see *United States v. Ferguson*, 550 F. Supp. 1256, 1260 (S.D.N.Y. 1982) (judge's close relationship with former law clerk for whom he had "high"

esteem justified disqualification because the case required him to evaluate the credibility of that clerk).

Because Fisk has not sustained her burden of showing that the undersigned should be recused, her motion is denied.

### III.  CONCLUSION

For the reasons stated above, Fisk's motion is **DENIED**.

**SO ORDERED**.

May 4, 2006.

                                        _____
                                        A. JOE FISH
                                        CHIEF JUDGE